## HOENINGHAUS & CURTIS v. UNITED STATES.

(Circuit Court, S. D. New York. May 25, 1904.)

### No. 3,362.

1. CUSTOMS DUTIES—COMPONENT MATERIAL OF CHIEF VALUE—RULE OF ASCERTAINMENT.

*Held*, that the provision in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], that "the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article," does not mean the value of the materials as they go into the hands of the manufacturer, but when in the condition that nothing remains to be done to them by the manufacturer, except to put them together to make the completed product.

2. SAME—WARPING NOT PART OF PROCESS OF WEAVING.

*Held*, that warping is not a part of the process of weaving, and that, in determining, under the provisions of Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], the component material of chief value in fabrics having a silk warp and a cotton weft, the cost of warping should be included wholly in the value of the silk component, and not distributed between the silk and the cotton.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for review of a decision of the Board of General Appraisers. These proceedings were brought by Hoeninghaus & Curtis, and relate to merchandise imported by them at the port of New York. The assessment of duty by the collector of customs at that port was affirmed by the Board of General Appraisers. In re Hoeninghaus, G. A. 5,335, T. D. 24,423.

Howard T. Walden, for the importers.
Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises woven fabrics of silk and cotton, assessed for duty under the provisions of paragraph 311 of the tariff act of 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], as manufactures of silk and cotton, cotton chief value, and claimed by the importers to be properly dutiable under the provisions of paragraph 387 (Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]), of said act.

The sole question herein is whether silk or cotton is the component material of chief value. The determination of this question depends upon whether the expense of warping the silk is to be added in ascertaining its value. The opinion of the Board of General Appraisers contains a careful and accurate presentation of the facts, and a full discussion of the provisions of law applicable thereto. I am compelled, however, to dissent from their conclusion as to the interpretation of the law, in the light of the decided cases. Section 7 of said Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], provides that "the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article." The Supreme Court of the United States has held, in Seeberger v. Hardy, 150 U. S. 420, 14 Sup. Ct. 170, 37 L. Ed. 1129, that this pro-

vision is declaratory of the law, and that the value of the materials should be taken, not as they go into the hands of the manufacturer, but when they are in the condition that nothing remains to be done upon them by the manufacturer, except putting them together, to make the completed product. It appears from the opinion of the board, quoting Ure's Dictionary of Arts, Manufactures & Mines, that the process of warping must precede that of weaving, and that its object is to prepare the threads or yarns for the weaving process, and that such warping must be completed before the weaving process commences. It would seem, therefore, that the silk was not ready to be combined and put together with the cotton until the process of warping was finished, and that then only are the silk threads in a condition where nothing remains to be done except to put them and the cotton threads together. The expert witness for the government states that the cost of warping is a proper and necessary expense of preparing the material for the weaving process. The contention of the government that the value of the thread is not increased by the warping process, provided it should thereafter be decided not to use it for that purpose, is immaterial. The same might be said of the shells of the mother of pearl in the opera glasses of the Seeberger Case, supra. The question is as to the value of the material as it goes into the article for the purpose to which it is devoted. As Mr. Justice Brown says in Seeberger v. Hardy, supra:

"Thus, in appraising the value of a piece of furniture made of wood and silk plush, it would be obviously inequitable to take the value of the lumber as it comes from the tree, and the silk from the worm or the spinner. The true rule would seem to be to take each of them as they go into the furniture."

In this case the value of the silk, as actually computed, included its conversion into yarn. It is difficult to conceive upon what theory the line can be drawn between the process of converting the raw product into yarn, in order to prepare it for weaving, and the further process of warping which is equally necessary for said purpose.

The decision of the Board of General Appraisers is reversed.